**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:25-CR-173 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| | : | |
| DEMAR DAWSON | : | **MOTION TO REVOKE** |
| | : | **DETENTION ORDER** |
| Defendant. | : | (Hearing Requested) |

Pursuant to 18 U.S.C. § 3145(b), Demar Dawson moves to revoke the Magistrate Judge's May 7, 2025, Detention Order. (R. 13). Mr. Dawson is not a danger to the community or a flight risk. Because a combination of release conditions will reasonably assure the community's safety and his appearance, the Court should revoke the detention order and release Mr. Dawson on bond with appropriate conditions.

## I.     Legal framework.

Title 18 U.S.C. § 3145(b) allows a defendant to seek a district court judge's review of a magistrate judge's pretrial-detention order. "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court 'acts on a motion to revoke or amend a magistrate judge's pretrial detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release.'" *United States v. Floyd*, No. 5:21-CR-736-4, 2022 WL 2818445, at *2 (N.D. Ohio July 18, 2022) (quoting *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992)); *accord United States v. Amir*, No. 1:10CR439, 2011 WL 2711350, *3 (N.D. Ohio Jul. 13, 2011).

1

When deciding pretrial detention, the Court must remain cognizant that the "default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The Supreme Court has explicitly held that "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This presumption of release is encapsulated in the Bail Reform Act ("BRA"), 18 U.S.C. § 3142. The BRA states the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release, subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189).

II.    **Mr. Dawson concedes that a presumption of detention applies in this case, but the Magistrate Judge correctly found he had rebutted this presumption.**

At the detention hearing, the parties agreed that no presumption of detention applied. (R. 15: Det. Hrg. Tr., PageID 40-41). Mr. Dawson now concedes that is incorrect. The Magistrate Judge's Order suggests that a rebuttable presumption applies under 18 U.S.C. § 3142(e)(2) and § 3142(e)(3). (R. 13: Order, PageID 34). Although § 3142(e)(2) does not apply, Mr. Dawson agrees that a rebuttable presumption arises under § 3142(e)(3).

Section 3142(e)(2) creates a rebuttable presumption of detention when the defendant has a prior conviction that would qualify as a federal offense under 18 U.S.C. § 3142(f)(1). This only applies, however, if the prior offense "was committed while the person was on release pending trial for a Federal, State, or local offense; and . . . a period of not more than five years has elapsed

since the date of conviction, or the release of the person from imprisonment, . . . whichever is later." 18 U.S.C. § 3142(e)(2)(B), (C). Even assuming Mr. Dawson has prior convictions that qualify as § 3142(f)(1) offenses, his most recent conviction is 11 years old. Because more than five years have elapsed, the rebuttable presumption under § 3142(e)(2) does not apply.

Section 3142(e)(3) creates a rebuttable presumption of detention if the defendant is charged with certain offenses, including an offense listed in 18 U.S.C. § 2332b(g)(5)(B) if the maximum term of imprisonment is 10 years or more. 18 U.S.C. § 3142(e)(3)(C). Mr. Dawson is charged with arson in violation of 18 U.S.C. § 844(i), which carries a 5-to-20-year term of imprisonment. Arson under § 844(i) is an offense listed in § 2332b(g)(5)(B). Therefore, a presumption of detention arises in this case under 18 U.S.C. § 3142(e)(3)(C).

This presumption, however, is rebuttable, and the defendant's burden "is not heavy." *Stone*, 608 F.3d at 945 (6th Cir. 2010). To rebut the presumption, the defendant must simply present some evidence that he does not pose a danger to the community or a risk of flight. *Id*. Once rebutted, the presumption becomes one of many factors the Court may consider when determining whether there are conditions that will reasonably assure the defendant's appearance and the community's safety. *Id*.; *see* 18 U.S.C. § 3142(g) (listing variety of factors for the court to consider).

In *Stone*, the Sixth Circuit found the defendants had satisfied their "light" burden of production to rebut the presumption of detention because each witness produced a third-party custodian or other character witness to testify on their behalf. *Id*. at 947. *See also United States v. Hoilman*, No. 22-6108, 2023 WL 4074630, at *1 (6th Cir. Apr. 24, 2023) ("The offer by Hoilman's wife to serve as custodian, disconnect internet service to their home, and prevent Hoilman from accessing any internet-capable devices is enough to overcome the presumption of detention."); *United States v. Beard*, 528 F. Supp. 3d 764, 772 (N.D. Ohio 2021) (presumption rebutted by

producing evidence that defendant resides with a family member, all of his family lives in the area, he has no passport, and the charged drug offense does not involve allegations of violence).

The Magistrate Judge correctly found Mr. Dawson has rebutted the presumption. (R. 13: Order, PageID 34). Mr. Dawson is a lifelong resident of the Northern District of Ohio, is gainfully employed, and has family connections to the area. (R. 15: Det. Hrg. Tr., PageID 47-48). If released, Mr. Dawson would reside with his mother and have custody of his youngest son for the summer. He does not have a passport and has never travelled outside of the United States. Additionally, Mr. Dawson is not a danger to the community. His criminal history is old. His most recent conviction, a misdemeanor, occurred 11 years ago. (R. 15: Det. Hrg. Tr., PageID 52-55).

Similar to *Stone*, Mr. Dawson has ties to the community through his family and work. His mother's willingness to allow Mr. Dawson to reside with her, his character as a father, and the age of his prior convictions all indicate that he is not dangerous. Mr. Dawson has satisfied his burden of production and rebutted the presumption that he should be detained.

### III.     The Government has not met its burden of persuasion.

Even if the defendant satisfies his burden of production, the presumption of detention remains a factor in the court's considerations regarding detention, alongside the government's burden of persuasion to prove that no conditions of release can assure the defendant's appearance and the safety of the community. *Stone*, 608 F.3d at 945-946. In determining whether the government has met its burden of persuasion, the court must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. *Stone*, 608 F.3d at 946.

There is no evidence that Mr. Dawson is a flight risk, and the government makes no such argument. (R. 15: Det. Hrg. Tr., PageID 52). Mr. Dawson is a lifelong resident of the district, does not own a passport, and has never travelled out of the country. He maintains a close relationship with his mother and some of his children, all of whom reside in the district. Mr. Dawson is a member of the local Bricklayer's Union and is gainfully employed through the union. There is simply no evidence to suggest Mr. Dawson will not appear in future proceedings as required.

The government argues that Mr. Dawson should be detained because he is a danger to the community. Its entire argument for detention relies on the nature of the charge against him and his criminal history. (R. 15: Det. Hrg. Tr., PageID 43-46, 49-51). Mr. Dawson concedes that the nature of the charge weigh in favor of detention because it suggests a danger to the community. However, Mr. Dawson asks this Court to consider two important things. First, despite having the ability to do so, Congress did not mandate detention in cases where there is an allegation of violence against people or property. Instead, it determined that courts should consider it as one of many factors when determining if pretrial release is appropriate.

Second, the circumstances as alleged do not suggest a risk to the community at large but a more limited risk that can be mitigated by conditions of release. The government intimates that Mr. Dawson set fire to the deck of the property because he was in a romantic relationship with the woman who resided there. (R. 15: Det. Hrg. Tr., PageID 45). The government's own argument then suggests that Mr. Dawson is not a danger to the community at large if he were to be released but may pose a risk to this individual who was residing at the house. The Court may mitigate this risk by imposing a condition, or conditions, to prevent Mr. Dawson from having any contact with this individual. These conditions may include a no-contact order, electronic monitoring, and a curfew.

Mr. Dawson's criminal history does not support pretrial detention. Mr. Dawson's prior convictions are 21, 19, 16, and 11 years old, respectively. (R. 15: Det. Hrg. Tr., PageID 52-53). The government acknowledges that Mr. Dawson's priors are more than 10 years old but suggests "his conduct in those cases is instructive." (R. 15: Det. Hrg. Tr., PageID 50).  Specifically, the government points to Mr. Dawson's violation after judicial release, and his new criminal offenses and probation violation that followed shortly thereafter to suggest that Mr. Dawson is a danger. (R. 15: Det. Hrg. Tr., PageID 50). What the government does not acknowledge is that Mr. Dawson was young when these offenses occurred. Mr. Dawson is now 41 years old. Most of his criminal history dates back to when he was in his young 20s. (PTS Report). The only offense that occurred after his mid-20s was a misdemeanor domestic violence, when he was 31 years old. Even that offense is now 11 years old. Mr. Dawson's criminal history, that happened many years ago when he was a young man, does not support any argument that his is a danger to the community now at age 41.

The lapse in time from the offense also does not support detention. The arson occurred on August 15, 2024. Law enforcement interviewed Mr. Dawson regarding the fire in October 2024. They make no effort to arrest or detain him until the filing of this indictment in April of 2025. Between August 2024 and April 2025, Mr. Dawson is not alleged to have posed any danger to the community at large or to any individual within the community. Mr. Dawson's behavior during the lapse in time between the offense and his arrest undermines any argument that his release would present a risk of danger to the community. After weighing all of the factors, Mr. Dawson is not a risk of flight and there are conditions that would reasonably assure the safety of the community if he were to be released.

Mr. Dawson also asks this Court to consider the government's failure to produce discovery in compliance with this Court's trial order and the delay this will necessarily cause in resolving his case. According to this Court's order, discovery was required to be completed on or before May 20, 2025. (R. 9: Trial Order, PageID 21). As of this filing, Mr. Dawson has not received any discovery. The government's failure to produce discovery timely will result in Mr. Dawson spending more time in pretrial detention in violation of his speedy trial rights. *See* 18 U.S.C. § 3161. This Court should not allow the government's failure to comply with the discovery deadline to extend Mr. Dawson's time in pretrial detention. This unnecessary delay supports releasing Mr. Dawson pretrial.

**IV.     CONCLUSION**

After weighing all the factors, the Court must impose the least restrictive condition, or combination of conditions, which will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B). Because the government has not met its burden of persuasion, and there are conditions that will reasonably assure Mr. Dawson's appearance and the community's safety, the Court should revoke the detention order and release him on bond with appropriate conditions.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928

/s/ Justin J. Roberts
JUSTIN J. ROBERTS
Assistant Federal Public Defender
Ohio Bar: 0086168
10 East Commerce Street
Youngstown, OH 44503
Phone: 330-746-6399
E-mail: justin_roberts@fd.org

*/s/ Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Phone: (216) 522-4856
E-mail: cathi_shusky@fd.org