**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:25CR173 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| | : | |
| DEMAR DAWSON, | : | **DEFENDANT'S SUPPLEMENT** |
| | : | **TO HIS MOTION FOR A** |
| Defendant. | : | **DAUBERT HEARING** |
| | : | **(Hearing Requested)** |

Demar Dawson reiterates his request to exclude the Apple iPhone Health Data and any testimony of the government's expert, including ATF Special Agent and Certified Fire Investigator Clay McCausland. Alternatively, Mr. Dawson asks this Court for a hearing under Federal Evidence Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), to determine the admissibility of evidence.

1. **Procedural History**

On November 7, 2025, Mr. Dawson filed a motion for a *Daubert* hearing challenging two things: (1) Agent McCausland's ability to interpret the Apple Health Data, and (2) the reliability of the data itself. (R. 26: Daubert Motion; R. 28: Hearing Tr., PageID 112 – government acknowledging the defense's motion was challenging "two things," the testimony of McCausland and the reliability of the data). At the November 13, 2025 hearing, the government requested additional time to obtain an expert to address the issue of the reliability of the data. (R. 28: Hearing Tr., PageID 112). The defense did not oppose.

At the conclusion of the hearing, the Court noted that the additional expert may narrow Agent McCausland's testimony and asked the government to state what it expects "the agent would

testify in regard to and what the other expert would testify to." (R. 28: Hearing Tr., PageID 120). The Court explained that "we need a good sense of what each one's going to testify to once [the government] has the second [expert]." (R. 28: Hearing Tr., PageID 120). The government agreed to do so.

The Court granted the government's request for time to obtain their expert and receive a report, and set a deadline of January 6, 2026. (R. 28: Hearing Tr., PageID 120-121; R. 30: Mtn for Ext,; 12/23/25: Non-Document Order). Pursuant to the Court's briefing order, Mr. Dawson's submits this brief supplement in support of his request for a Daubert hearing. (See R. 28: Hearing Tr., PageID 122).

2. **The Government's expert report provides little information to satisfy the government's burden of showing the data is accurate or reliable.**

On January 7, 2026, the government disclosed a report by Jessica Hyde. (Exh. A: Report). The government has not produced any information related to Ms. Hyde's training or experience. The defense therefore does not concede that Ms. Hyde is qualified to serve as the government's expert in this matter. However, even assuming Ms. Hyde is qualified to offer an expert opinion, the report provides nothing of the sort. The report identifies data contained within Mr. Dawson's phone in a chart. (Exh. A: Report, p. 3-4). Mr. Dawson does not dispute this data appears in his phone. The issue raised in Mr. Dawson's motion was how this data is collected. More specifically, what this data means. Ms. Hyde's report makes no attempt to answer this question.

Mr. Dawson maintains that the government has not offered any evidence to support how Apple Health Data is collected by an iPhone or what that data means. It is known that the Apple Health Data can show "steps" are being taken when the person holding the phone has not taken any steps at all. (*See* R. 26: Daubert Motion, PageID 105).

Ms. Hyde' report offers no explanation of what her opinion would be, what methods she used to reach that opinion, or the reliability of that opinion. (Exh. A). Additionally, the government has offered no details on what Agent McCausland will testify to or how he has the specialized training or experience to correctly interpret the Apple Health Data.

Because the government has not established that the Apple Health Data is accurate or reliable, the Court should exclude this evidence at trial. Additionally, because the government has not established Ms. Hyde or Agent McCausland are qualified to testify about this health data, their testimony should be excluded.

Respectfully Submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ *Justin J. Roberts*
JUSTIN J. ROBERTS
Assistant Federal Public Defender
Ohio Bar: 0086168
10 East Commerce Street
Youngstown, OH 44503
330-746-6399
justin_roberts@fd.org
/s/ *Timothy C. Ivey*
TIMOTHY C. IVEY
First Assistant Federal Public Defender
Ohio Bar: 0039246
/s/ *Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856
timothy_ivey@fd.org
cathi_shusky@fd.org

3