IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 5:25CR173 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEMAR DAWSON, | ) | RESPONSE TO MOTION TO MODIFY |
| | ) | CONDITIONS OF RELEASE |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now comes the United States of America, by and through counsel, David M. Toepfer, United States Attorney, and Peter E. Daly, Assistant United States Attorney, and hereby files its response to Defendant's Motion to Modify Conditions of Release.  (ECF # 35: Motion, PageID 201-02).  The United States opposes the requested modification.

On February 5, 2026, the Court granted Defendant's motion to reopen detention proceedings and ordered Defendant released on his own recognizance.  (ECF # 32: Order, PageID 144-49).  However, the Court found that unconditional release was "not sufficient, given other considerations, including dangerousness of the alleged offense[,]" and imposed conditions "to 'reasonably assure' the safety of others and the community."  (*Id*., PageID 147-48).  Those conditions included home confinement at Defendant's childhood home in Akron, with electronic monitoring, and that "Defendant is not permitted to travel outside of the jurisdiction, without prior approval of the court."  (*Id*.).  The Court found that Defendant's "compliance with these

conditions of release…reasonably assures Dawson is not a danger to other people or the community." (*Id*., PageID 148-49).

In implementing the Court's imposed conditions, United States Pretrial Services advised Defendant that he could not travel outside the Northern District of Ohio without 48-hours' prior approval.  Defendant now asks the Court to dispense with that prior approval requirement and to be permitted to notify his Pretrial Services Officer of out-of-district travel "as soon as practicable." (ECF # 35: Motion, PageID 201-02).  Such a modification would essentially nullify the two primary conditions that the Court imposed in order to assure the safety of the community while Defendant is on pretrial release – home confinement and prior approval of travel.  If Defendant is permitted to leave the district after simply "notify[ing] his Pretrial Services Officer as soon as practicable," there would remain essentially no restriction on his movement or his ability to leave the home confinement ordered by the Court.

Importantly, Defendant seems to misstate what the Court's conditions actually require of him.  The Court ordered that "Defendant is not permitted to travel outside of the jurisdiction, without prior *approval of the court*." (ECF # 32: Order, PageID 147-48) (emphasis added).  Defendant appears to construe that as simply a notice requirement to his Pretrial Services Officer that he will be leaving the district when he obtains a work assignment outside of northern Ohio.  (S*ee* ECF # 35: Motion, PageID 202, "Defendant DeMar Dawson respectfully requests that this Honorable Court modify the condition of his bond requiring forty-eight (48) hours' advance *notice* of travel outside the district…" (emphasis added)).  But the stated purpose of the Court's condition was to ensure the safety of the community.  In combination with the other conditions imposed, it is reasonable to understand that the Court's intent was to maintain some measure of

control of Defendant's whereabouts while on pretrial release.  Dispensing with the requirement of prior duly-considered approval for out-of-district travel runs clearly contrary to that intent.

Moreover, as Defendant frames the requested modification, there would be no temporal limitation on his ability to travel.  He claims that he may be offered an assignment "with less than twenty-four (24) hours' notice." (*Id.*, PageID 201).  Depending on when that notice is given, it may leave no reasonable time for the Pretrial Services Officer and the Court to gather the necessary information to consider the request.  For example, under the proposed modification, if Defendant is offered an out-of-district assignment on Sunday night that requires a Monday morning departure, he would be permitted to leave the district and then simply "notify his Pretrial Services Officer as soon as practicable."  Under such circumstances, there would be no consideration of the request, including the length of time outside the district and away from home confinement, and no actual *approval* prior to his departure.  To reduce the condition to those terms would render it virtually meaningless.

This Court has given Defendant the opportunity to be out of custody during the pendency of this case, subject to reasonable conditions.  While it is laudable that Defendant has obtained employment, he does not have an absolute right, nor has he demonstrated an absolute need, to accept work assignments outside of the Northern District of Ohio, such that the proposed modification of release conditions is necessary.  If such an assignment arises with sufficient time to make a request for travel that complies with the current 48-hour requirement, Defendant can then make that appropriate request to the Pretrial Services Officer and the Court for permission to accept the assignment.  But Defendant has offered no compelling reason to deviate from that requirement.

The United States believes that, as the Court stated, the conditions of home confinement with electronic monitoring and the current travel restriction are necessary "to 'reasonably assure' the safety of others and the community." (*Id*., PageID 147-48).  Because the requested modification would seriously undermine the effectiveness of those conditions in achieving that stated need, the United States respectfully requests that this Court deny Defendant's motion to modify the conditions of his pretrial release.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney


/s/ Peter E. Daly
Peter E. Daly  (OH: 0084745)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 445308
(330) 761-0529
Peter.Daly@usdoj.gov

4