**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 5:25-CR-173 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| DEMAR DAWSON, | : | **DEFENDANT DEMAR DAWSON'S UNOPPOSED MOTION FOR ATTORNEY PARTICIPATION IN VOIR DIRE AND FOR SPECIAL JURY QUESTIONNAIRE** |
| Defendant. | : | |

Demar Dawson requests this Court permit the attorneys for both parties to participate in voir dire. Additionally, to facilitate an expeditious jury selection undersigned counsel requests the Court use a special jury questionnaire[1] and disclose the questionnaires to counsel for both sides at least 48 hours in advance. *See* Loc. Crim. R. 24.1 & 24.2. Assistant United States Attorney Peter Daly has advised that the government does not oppose this motion.

The right to a fair and impartial jury is a cornerstone of American jurisprudence and one of the most fundamental rights the United States Constitution guarantees. U.S. CONST. Amend. VI. The Sixth Amendment to the United States Constitution provides for a trial by jury, with the right to an impartial jury considered as an integral part of this right. The United States Supreme Court has recognized that adequate *voir dire* is critical to the protection of a defendant's Sixth Amendment right to a fair trial. For example, in *Morgan v. Illinois*, 504 U.S. 719 (1992), the Court

[1] Defense proposed special jury questionnaire is attached as Exhibit A.

noted:

> [P]art of the guarantee of the defendant's right to an impartial jury is an adequate *voir dire* to identify unqualified jurors. *Voir dire* plays a critical function in assuring the criminal defendant that his [constitutional] right to an impartial jury will be honored. Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled.

504 U.S. at 729–730 (citations and quotation marks omitted). *Voir dire* is considered by many to be the most significant part of any trial. Even the Supreme Court acknowledges that *voir dire* "represents the 'jurors' first introduction to the substantive factual and legal issues in a case' … [t]he influence of the *voir dire* process may persist through the whole course of the trial proceedings." *Powers v. Ohio*, 499 U.S. 400, 412 (1991).

Attorney-conducted *voir dire* "constitutes an essential safeguard for the administration of justice." Alice Padawer-Singer, Andrew Singer, *Rickie Singer,* Voir Dire *by Two Lawyers: An Essential Safeguard*, 57 Judicature 386, 391 (1974) (attached as Exhibit B). *Voir dire* examination by two lawyers provides "multiple functions of screening out [ ] prejudiced jurors, . . . commit[s] jurors to the importance and meaning of legal procedures, and sensitiz[es] jurors to various aspects of the case." *Id*. Furthermore, attorney-conducted *voir dire* is widely considered to be more effective than judge-conducted *voir dire* because of counsel's more intimate knowledge of a case. *Id*. In preparing for trial, attorneys "extensively review[ ] and research[ ] the facts of the case for a period of time." *Id*. A judge does not enjoy this same degree of familiarity with the facts of a case. Their position does not afford such thoroughness for "a judge has to give his [or her] attention to various trials during that period of time." *Id*.

Judge-conducted *voir dire* can be inherently less effective. When all or most of the *voir dire* examination is conducted by the judge, for example, "inhibiting factors exist that discourage honest responses from prospective jurors." Lois Heaney, *The Case for Meaningful* Voir Dire *On*

*Race and Sexual Orientation Bias*, 3 Cal. St. B. Crim. L.J. (2001).[2] In one of the largest empirical studies of *voir dire*, funded by the United States Department of Justice, researchers sought to determine whether the level of juror self-disclosure was affected by the identity of the questioner, or the method of questioning. *See* Susan Jones, *Judge- Versus Attorney-Conducted* Voir Dire*: An Empirical Investigation of Juror Candor*, 11 LAW & HUM. BEHAV. 131 (attached as Exhibit C). The researchers sought to verify or refute past social science research about self-disclosure interviews. *Id*. at 143-45.

Researchers found that the prospective jurors viewed the judge as an authority figure and were much more guarded in their responses. *Id*. at 143-45. The jurors tended to provide less self-revealing information and were much more conservative with the responses during judge-initiated questioning. *Id*. at 144. This correlation to past research led to the observation that "[I]t seems from the direction and magnitude of the change scores that during a judge-conducted *voir dire* jurors attempted to report not what they thought or truly felt about an issue, but instead what they believed the judge wanted to hear." *Id*. This skew continued to exist even when the judge adopted a less formal method of examination. *Id*. at 145. In contrast, the jurors did not view the attorneys as possessing the same type of authority as the judge, which tended to result in a greater degree of self-disclosure. *Id*. at 134. When the attorneys conducted the *voir dire* in a warm and "liking" manner, juror's self-disclosure levels rose.

Federal Rule of Criminal Procedure 24 requires the Court, if it conducts voir dire, to either allow the attorneys to ask further questions or submit further questions to the Court so that the Court may ask them. Fed. R. Crim. P. 24(a)(2). The local rules also permit the parties to participate in voir dire. Local Rule 24.2 states that the Court "shall conduct the initial examination of all

[2] available at http://www.njp.com/articles/CaseForMeaningfulVoir%20Dire.pdf.

prospective jurors touching upon their qualifications to serve as jurors in the pending proceeding," and the parties may submit written questions to be included with the Court's examination. The rule further provides that "[i]n all trials . . . counsel for the plaintiff and counsel for the defendant each may be allowed such a period of time as approved by the Court to conduct voir dire examinations of prospective jurors." Loc. Crim. R. 24.2(b).

Mr. Dawson wants to ensure a fair and unbiased jury. Given the current environment from divisive politics to racial inequality and the seriousness of the allegations in the indictment, a thorough vetting of the jurors is required. The best way to accomplish this is through attorney-led voir dire.

One of the most frequently cited reasons for limiting attorney *voir dire* is the belief that it unduly prolongs the trial process. However, a survey of 124 federal judges conducted by the Federal Judicial Center reported no significant increase in jury selection times between those judges who allowed attorney conducted *voir dire* versus those that did not. (Exh. C). In an effort to expedite the voir dire, defense counsel requests this Court use a special juror questionnaire that is specifically tailored to this case. Additionally, counsel requests this Court disclose the special juror questionnaires to counsel at least 48 hours prior to trial. This will significantly expedite the voir dire process and is consistent with the local rules.

Local Crim. Rule 24.1 states:

> (a) The Court may distribute to all prospective jurors a questionnaire, in the form attached as Appendix A. If utilized, the questionnaire shall be sent to the jurors with their notice to report and shall be completed and returned by them.
>
> (b) **Upon motion for good cause shown, or upon the Court's own motion, the Court may distribute another juror questionnaire designed specifically for the case at issue**.
>
> (c) Unless otherwise ordered, **both questionnaires referred to in this Rule shall be made available for all counsel on the last business day before the trial**.

(d) (1) Questionnaires will be available to counsel for the limited purpose of assisting their preparation for voir dire. They are not otherwise to be used, copied, or disclosed without Court order. Upon selection of a jury, all questionnaires shall be returned to the Clerk. Contact prior to trial by any counsel, party, or any person acting on behalf of any counsel or party with any prospective juror is absolutely forbidden. Noncompliance with this directive or any other limitation imposed with reference to the disclosure or use of the questionnaires will lead to contempt of Court citation and other appropriate sanction.

In the interest of justice, Mr. Dawson requests this Court use the proposed special jury questionnaire and permit the attorneys to participate in voir dire. The government does not oppose this request.

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Justin Roberts*
JUSTIN ROBERTS
Assistant Federal Public Defender
Ohio Bar: 0086168
10 East Commerce St., Suite #230
Youngstown, OH 44503
(330) 746-6399
*/s/ Timothy Ivey*
TIMOTHY IVEY
First Assistant Federal Public Defender
Ohio Bar: 0039246
*/s/ Michael V. Heffernan*
MICHAEL V. HEFFERNAN
Assistant Federal Public Defender
Ohio Bar: 0074776
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: justin_roberts@fd.org
E-mail: timothy_ivey@fd.org
E-mail: michael_heffernan@fd.org